UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| EDWIN PAUL DORAVA, | Case No. EDCV 13-2282 AB(JC) |
|---|---|
| Plaintiff, | |
| v. | ORDER DISMISSING THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND DISMISSING ACTION WITHOUT PREJUDICE |
| A.M. GONZALEZ, et al., | |
| Defendants. | |

**I.   BACKGROUND AND SUMMARY**

On October 25, 2013, in the United States District Court for the Northern District of California, plaintiff, Edwin Paul Dorava ("plaintiff"), who is in custody and has been granted leave to proceed *in forma pauperis*, filed a *pro se* Civil Rights Complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983"), suing A.M. Gonzalez and other unspecified and unnamed officials connected with the Chuckawalla Valley State Prison ("CVSP") where plaintiff is currently housed. The case was subsequently transferred to the Central District of California and assigned to this Court for adjudication.

On January 10, 2014, the assigned United States Magistrate Judge ("Magistrate Judge") screened and dismissed the Original Complaint with leave to

amend because the Original Complaint, among other things, violated Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") and failed to state a viable Section 1983 claim against defendant Gonzalez – the only named defendant – or any of the unnamed CVSP defendants.

On March 31, 2014, plaintiff filed a document entitled "Topic Case Filing" with attached exhibits which the Magistrate Judge liberally construed as plaintiff's First Amended Complaint. The First Amended Complaint appeared to assert multiple civil rights claims against (1) California Department of Corrections and Rehabilitation ("CDCR") Secretary Jeffrey A. Beard; (2) CDCR Director Michael Stainer; (3) CVSP Warden A.M. Gonzalez; (4) CVSP Dentist E. Mokntari; (5) CVSP Dental Assistant P. Ward; (6) CVSP Appeals Coordinator F.N. Guzman; (7) CVSP Health Records II Supervisor S. Gruovich; (8) CVSP Sergeant (D-Yard) P. Hernandez; and ten unnamed defendants who were identified only as "John or Jane Doe 1-10" ("Doe Defendants"). The First Amended Complaint sought only injunctive relief, but did not specify whether the foregoing defendants were sued in their individual and/or official capacities. On April 29, 2014, the Magistrate Judge screened and dismissed the First Amended Complaint with leave to amend because, like its predecessor, the First Amended Complaint violated Rule 8 and failed to state a viable Section 1983 claim.

On August 4, 2014, plaintiff filed a document entitled "Amended Case Filing" with attached exhibits, which the Magistrate Judge liberally construed as plaintiff's Second Amended Complaint. The Second Amended Complaint appeared to assert multiple civil rights claims against all of the CDCR/CVSP officials and Doe Defendants sued in the First Amended Complaint, plus two additional defendants – CVSP Custody Sergeant (D-Yard) L. Cormell and CVSP Lieutenant (D-Yard) J.J. Hernandez. Plaintiff sought only injunctive relief and did not specify whether the defendants were sued in their individual and/or official capacities. On August 29, 2014, the Magistrate Judge screened and dismissed the

Second Amended Complaint with leave to amend essentially because (1) it was not signed by plaintiff or an attorney who represented plaintiff as required by Rule 11(a) of the Federal Rules of Civil Procedure ("Rule 11"); and (2) plaintiff again failed to state a viable Section 1983 claim.

On October 20, 2014, plaintiff filed a document entitled "Amended Case Filing" with attached exhibits, which the Court liberally construes as plaintiff's operative Third Amended Complaint. The Third Amended Complaint appears to assert multiple civil rights claims against all of the same defendants named in the Second Amended Complaint (collectively "defendants"). The Third Amended Complaint, which is unsigned, asserts that "[a]ll of the named defendants acted in their official capacity [sic]," but does not specify the type of relief being sought.

Based upon the record and the applicable law, and as further discussed below, this Court now dismisses the Third Amended Complaint without leave to amend, dismisses this action without prejudice, and directs that judgment be entered accordingly because, even though plaintiff has been afforded three opportunities to amend the Original Complaint, he still has been unable to state a viable claim and it appears that any further amendment would be futile.[1]

**II.   THE THIRD AMENDED COMPLAINT**[2]

Very liberally construed, the Third Amended Complaint alleges the following:

On June 4, 2014, defendants Cormell and J.J. Hernandez wrote a false 115 Rule Violation Report ("RVR") about plaintiff. Defendant J.J. Hernandez became the hearing officer for the RVR, "dening [sic] [plaintiff] a fair hearing and hurting [plaintiff's] interest in liberty." (TAC ¶ 1).

---

[1] In light of the dismissal order, plaintiff's Request for Extension of Time to Rename Case (Docket No. 55) is moot and is denied as such.

[2] Plaintiff's non-conclusory factual allegations are presumed to be true.

At the same time, defendants Cormell and J.J. Hernandez took plaintiff's personal property (*i.e.*, "one lake wood fan") and refused to provide plaintiff with a "search [slip]" for the property. (TAC ¶ 2).

On June 5, 2014, defendant J.J. Hernandez threatened to put plaintiff in "the Hole" while "C.O. Tom" was serving plaintiff with the RVR. (TAC ¶ 3). Defendant J.J. Hernandez stated that "he did not need any reason to do [so] other then [sic] he can." (TAC ¶ 3). Defendant J.J. Hernandez also stated that he would throw out all of plaintiff's personal property. (TAC ¶ 4). The next weekend plaintiff mailed 13 pounds of personal property to his sister at a cost of $32.50. (TAC ¶ 4).

On June 25, 2014, "I.S.U." searched plaintiff's locker in D-10 Dorm 2 (the only locker searched in Dorm 2) and took plaintiff's photo album without providing a search slip. (TAC ¶ 5).

On June 30, 2014, plaintiff "attempted to comply with the instructions from Appeals Coordinator E. Moser [not a defendant] on required 602 process." (TAC ¶ 7).

On June 30, 2014, defendant J.J. Hernandez "tore to shreads [sic] the required GA-22,"[3] told plaintiff "that was [plaintiff's] answer," and "stated that he and [defendant] Cormell would come to [plaintiff's] bunk and take more personal property." (TAC ¶ 8). The actions of defendant J.J. Hernandez were "a clear violation of [plaintiff's] right to the appeals process and had a clear chilling effect on [plaintiff's] right to appeal which the Administration refused to correct." (TAC ¶ 9).

In mid-July, plaintiff spoke with defendant Guzman about his missing photo album. (TAC ¶ 6). On October 15, 2014, defendant Guzman returned plaintiff's photo album to him, but could not explain why the photo album had been taken

---

[3]Plaintiff appears to be referring to a CDCR Form 22 Inmate/Parolee Request for Interview, Item or Service ("Inmate Request"). See Cal. Code Regs. tit. 15, § 3086.

4

from plaintiff in the first place, why plaintiff was not provided a search slip, or who had ordered the search of plaintiff's locker. (TAC ¶ 6).

Defendant Gonzalez "states that [plaintiff is] attempting to circumvent the appeals process" but defendant Gonzalez "will not state what he believes [defendant] J.J. Hernandez is doing to the appeals process by tearing up paper work[,] taking personal property[,] writing fales [sic] 115s[,] sending inmates to the hole[,] amoung [sic] many other crimes[.]" (TAC ¶ 10).

Plaintiff also asserts the following: without court intervention the "illegal conduct will go on unchecked"; "I got my nightguard [and] . . . photo album back"; "I can never get my tooth back"; "I fought to what seems to me a stalemate"; and "[t]he Court must now determine the facts." (TAC at 3).

In light of the foregoing, plaintiff alleges that "[a]ll of the named defendants" denied plaintiff "his constitutional right to a fair and impartial appeals process free of the chilling effects . . . by [defendants] Cormell and [] J.J. Hernandez," ant that plaintiff's "interest in liberty was forever harmed by a false 115." (TAC at 1, 3).

### III. LEGAL STANDARDS

#### A. The Screening Requirement

As plaintiff is a prisoner proceeding *in forma pauperis* on a civil rights complaint against governmental defendants, the Court must screen the operative Third Amended Complaint, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

In determining whether a complaint fails to state a viable claim for purposes of screening, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Wilhelm v. Rotman, 680 F.3d

1113, 1121 (9th Cir. 2012) (citations omitted). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted). "[W]ell-pleaded factual allegations" in a complaint are presumed true, while "[t]hreadbare recitals of the elements of a cause of action" (*i.e.*, legal conclusions) and "legal conclusions couched as a factual allegation" are not. Id. (citation and quotation marks omitted).

      Thus, to survive screening, a civil rights complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief for the specific misconduct alleged. Iqbal, 556 U.S. at 678 (citation omitted). Statements that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

      Especially in civil rights cases, a *pro se* plaintiff's pleadings are liberally construed to afford the plaintiff "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)) (internal quotation marks omitted). If, however, a court finds that a *pro se* complaint has failed to state a claim, dismissal may be with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). *Pro se* plaintiffs should be permitted leave to amend unless it is

1113, 1121 (9th Cir. 2012) (citations omitted). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted). "[W]ell-pleaded factual allegations" in a complaint are presumed true, while "[t]hreadbare recitals of the elements of a cause of action" (*i.e.*, legal conclusions) and "legal conclusions couched as a factual allegation" are not. Id. (citation and quotation marks omitted).

Thus, to survive screening, a civil rights complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief for the specific misconduct alleged. Iqbal, 556 U.S. at 678 (citation omitted). Statements that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

Especially in civil rights cases, a *pro se* plaintiff's pleadings are liberally construed to afford the plaintiff "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)) (internal quotation marks omitted). If, however, a court finds that a *pro se* complaint has failed to state a claim, dismissal may be with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). *Pro se* plaintiffs should be permitted leave to amend unless it is

absolutely clear that the complaint's deficiencies cannot be cured. Id. at 1130-31. Nonetheless, liberality in granting leave to amend "is subject to several limitations" including "undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted). A district court also enjoys broad discretion to deny leave to amend if a plaintiff has previously amended the complaint. Id.

### B. Section 1983 Claims

To state a claim under Section 1983, a plaintiff must plead that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's rights under the federal constitution or laws. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability under Section 1983. Iqbal, 556 U.S. at 676. Thus, a complaint must allege that each defendant, "through the official's own individual actions," caused a specific constitutional deprivation alleged. Id.

An individual "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978) (citations omitted). Allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). Consequently, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (citation).

1    A supervisor, like any other government official, may only be held liable
2 under Section 1983 for "his or her own misconduct." Iqbal, 556 U.S. at 677. In
3 some cases, a supervisor may be liable if he or she "participated in or directed" the
4 constitutional violations of a subordinate or "knew of the violations and failed to
5 act to prevent them." Taylor, 880 F.2d at 1045. Nonetheless, mere "knowledge
6 and acquiescence" in a subordinate's misdeeds is insufficient. Id. (citation
7 omitted).

### C. Fourteenth Amendment – Procedural Due Process – Deprivation of Property

10   The Due Process Clause of the Fourteenth Amendment protects inmates
11 from being deprived of personal property without due process of law. See Wolff v.
12 McDonnell, 418 U.S. 539, 556 (1974); Hansen v. May, 502 F.2d 728, 730 (9th Cir.
13 1974) (inmates have protected interest in personal property) (citations omitted).
14 The intentional deprivation of an inmate's personal property pursuant to an
15 established state procedure violates due process in the absence of minimal
16 procedural protections. See Hudson v. Palmer, 468 U.S. 517, 532 & n.13 (1984)
17 (citation omitted); Nevada Department of Corrections v. Greene, 648 F.3d 1014,
18 1019 (9th Cir. 2011) (citation omitted), cert. denied, 132 S. Ct. 1823 (2012). A
19 negligent or unauthorized intentional deprivation of an inmate's personal property
20 by a state employee, however, "does not constitute a violation of the procedural
21 requirements of the Due Process Clause of the Fourteenth Amendment if a
22 meaningful [state] postdeprivation remedy for the loss is available." Hudson, 468
23 U.S. at 533.

### D. First Amendment – Right of Access to Courts

25   Prisoners have a First Amendment right of meaningful access to the courts,
26 which encompasses the right to file prison grievances. See Bradley v. Hall, 64
27 F.3d 1276, 1279 (9th Cir. 1995) (citations omitted), abrogated on other grounds,
28 Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). In order to establish any denial of

8

access claim, however, a plaintiff must show that he suffered an "actual injury" as a result of a defendant's actions or that such conduct actually "hindered his efforts to pursue a [nonfrivolous] legal claim." See Lewis v. Casey, 518 U.S. 343, 351, 354-55 (1996).

### IV. DISCUSSION

#### A. The Third Amended Complaint Violates Rules 8 and 11

The Third Amended Complaint violates both Rule 8 and Rule 11 and is subject to dismissal on such bases.

First, the Third Amended Complaint violations Rule's pleading requirements. For example, the cryptic, confusing and, at times, conclusory and unintelligible allegations in the Third Amended Complaint never clearly connect a particular event or incident to a plausible legal claim against a specific individual defendant. As the Magistrate Judge previously advised plaintiff, such deficient pleading violates the Rule 8(a)(2) "short and plain statement of [a] claim" requirement. In addition, the Third Amended Complaint does not include a "statement of the grounds for the court's jurisdiction," as required by Fed. R. Civ. P. 8(a)(1), and also lacks "a demand for the relief sought," as required by Fed. R. Civ. P. 8(a)(3). The foregoing Rule 8 violations "warrant dismissal" of the Third Amended Complaint. Knapp v. Hogan, 738 F.3d 1106, 1109-10 & n.1 (9th Cir. 2013) (citations omitted), cert. denied, 135 S. Ct. 57 (2014).

Second, the Third Amended Complaint – like the Second Amended Complaint – also violates Rule 11 because it is not signed by plaintiff or an attorney who represents plaintiff and is subject to dismissal on such basis. See Fed. R. Civ. P. 11(a); Hurt v. United States, 2014 WL 184238, *2 (S.D. Ohio Jan. 14, 2014); Keyway Leasing Trust v. United States, 1999 WL 810386, *2 (W.D. Mich. Aug. 26, 1999).

///
///

**B.     The Third Amended Complaint Fails to State Cognizable Official Capacity Claims**

To the extent plaintiff sues defendants in their official capacities only (TAC at 1), the Third Amended Complaint fails to state a cognizable Section 1983 claim. An official capacity suit against a government employee (*i.e.*, a CDCR or CVSP official), is not a suit against the official personally, but is only a suit against the employing entity (*i.e.*, the State of California). See Kentucky v. Graham, 473 U.S. 159, 166 (1985); Brown v. California Department of Corrections, 554 F.3d 747, 752 (9th Cir. 2009). Nonetheless, the Eleventh Amendment prohibits suits against a state or its agencies or departments for legal or equitable relief, and bars damages claims in federal court against a state official in his or her official capacity where, like here, the state has not waived, and Congress has not overridden the state's immunity. See Will v. Michigan Department of State Police, 491 U.S. 58, 66-71 (1989) (citations omitted); Papasan v. Allain, 478 U.S. 265, 276-77 (1986) (citations omitted); Dittman v. State of California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations omitted), cert. denied, 530 U.S. 1261 (2000). Here, since the Third Amended Complaint does not plausibly seek injunctive relief, the Eleventh Amendment bars plaintiff's Section 1983 official capacity claims, and any such claims must be dismissed. See Freeman v. Oakland Unified School District, 179 F.3d 846, 847 (9th Cir. 1999).

**C.     The Third Amended Complaint Fails to State Viable Individual Capacity Claims**

To the extent plaintiff intends to sue defendants in their individual capacities as well, the Third Amended Complaint does not state a Section 1983 claim upon which relief may be granted.

First, plaintiff makes no specific allegations regarding misconduct by most of the named defendants, much less allegations that would support a viable Section 1983 claim. Specifically, the Third Amended Complaint does not allege that

defendants Beard, Stainer, Mokntari, Ward, Gruovich, or P. Hernandez did an affirmative act, participated in another's affirmative act, or failed to perform an act that he or she was legally required to do that caused the deprivations of which plaintiff complains. Nor does the Complaint allege that any such defendant participated in or directed particular conduct that violated plaintiff's constitutional rights, or knew of specific constitutional violations by subordinates and failed to act to prevent them. Plaintiff's conclusory assertion that "[a]ll of the named defendants" denied plaintiff "a fair and impartial appeals process" (TAC at 1) is insufficient to state a civil rights claim under Section 1983. Pena, 976 F.2d at 471; see also Iqbal, 556 U.S. at 680-84 (conclusory allegations in complaint which amount to nothing more than a "formulaic recitation of the elements" are insufficient to meet Rule 8 pleading standard) (citations omitted).

Second, as the Magistrate Judge informed plaintiff in three prior screening orders, the use of fictitiously named defendants is generally disfavored in federal court, and unidentifiable defendants may be dismissed from a complaint. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citations omitted). Here, at a minimum, plaintiff's failure to make individualized allegations about any of the Doe Defendants is improper.

Third, even liberally construed, the Third Amended Complaint appears to sue defendant Gonzalez simply because he generally failed to prevent defendant J.J. Hernandez from engaging in official misconduct. (TAC ¶ 10). A federal civil rights claim, however, may not be based solely on a defendant's supervisory position. Iqbal, 556 U.S. at 676-77 (citations omitted); see also Taylor, 880 F.2d at 1045 ("There is no respondeat superior liability under section 1983.") (citation omitted).

Fourth, allegations that defendant Guzman spoke with plaintiff about his missing photo album, and later returned the album to plaintiff without further explanation (TAC ¶ 6) does not reflect any misconduct by defendant Guzman

personally, much less plausibly state that such defendant caused any deprivation of plaintiff's constitutional rights.

Fifth, plaintiff's allegations that defendants Cormell and J.J. Hernandez wrote a "false" RVR (TAC ¶ 1) do not plausibly state a constitutional violation. See, e.g., Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused . . ."), cert. denied, 485 U.S. 982 (1988); Deadmon v. Grannis, 2008 WL 595883, *10 (S.D. Cal. Feb. 29, 2008) ("the [initial] filing of false disciplinary charges is not itself a due process violation . . .") (citations omitted). In addition, conclusory allegations that defendant J.J. Hernandez threatened to put plaintiff in "the Hole" and "did not need any reason to do [so]," and that he "would throw out all of [plaintiff's] personal property," and that he and defendant Cormell would "take more [of plaintiff's] personal property" (TAC ¶¶ 3-4, 8) do not, without more, state a Section 1983 claim. See, e.g., Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (claims of verbal harassment or abuse do not state a constitutional deprivation) (citation omitted).

Sixth, to the extent the Third Amended Complaint is attempting to state a claim that plaintiff was deprived of his constitutional right of meaningful access to the courts, it fails to do so based on conclusory allegations that (1) defendant J.J. Hernandez "became the hearing officer [for the RVR,] denying [plaintiff] a fair hearing and hurting [plaintiff's] interest in liberty" (TAC ¶ 1); (2) defendant J. J. Hernandez destroyed an Inmate Request form and told plaintiff "that was [plaintiff's] answer" (TAC ¶ 8); and (3) such actions were "a clear violation of [plaintiff's] right to the appeals process and had a clear chilling effect on [plaintiff's] right to appeal" (TAC ¶ 9). In short, the Third Amended Complaint fails plausibly to allege that an actual injury resulted from such conduct or that such conduct actually "hindered [plaintiff's] efforts to pursue a [nonfrivolous] legal claim." Lewis, 518 U.S. at 351-55 (citations omitted).

Seventh, to the extent the Third Amended Complaint seeks to allege that plaintiff's due process rights were violated because personal property was taken from plaintiff's cell without plaintiff being issued a "search slip" (TAC ¶¶ 2, 5), it fails to state a viable Section 1983 claim. Such random and unauthorized property deprivations do not constitute a denial of due process where, like here, state law provides an adequate post-deprivation remedy. See Hudson, 468 U.S. at 533; see also Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California Law provides an adequate post-deprivation remedy for any [inmate] property deprivations.") (citations omitted).

Finally, to the extent plaintiff generally complains about deficiencies in the prison grievance process, he fails to state a viable Section 1983 claim. While inmates have a First Amendment right to file prison grievances (Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)), they do not have a constitutional right to any specific grievance process or result. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988). Moreover, a prison official's failure to process a grievance, without more, is insufficient to establish liability under Section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

## V. THE THIRD AMENDED COMPLAINT IS DISMISSED WITHOUT LEAVE TO AMEND

Since plaintiff has already amended his complaint three times, but has been unable to state a viable claim based on essentially the same factual allegations, it appears that any further amendment would be futile. See, e.g., Knapp, 738 F.3d at 1110 ("reasonable to conclude that [] litigant simply *cannot* state a claim" when the litigant "knowingly and repeatedly refuses to [comply with the pleading requirements of Rule 8]" despite being granted leave to amend to correct deficiencies in complaint) (citation omitted; emphasis in original). Accordingly, dismissal is without leave to amend. See Cafasso, 637 F.3d at 1058 (district court

13

has "particularly broad" discretion to dismiss without leave to amend when plaintiff has previously amended complaint) (citations omitted).

## VI. ORDERS

IT IS THEREFORE ORDERED that the Third Amended Complaint is dismissed without leave to amend and this action is dismissed without prejudice. The Clerk is directed to enter judgment accordingly.

DATED: April 16, 2015

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE